UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND VICKERS,<br><br>        Plaintiff,<br><br>    v.<br><br>DANCE UNLIMITED, LLC, et al.,<br><br>        Defendants. | No.  2:21–cv–732–JAM–KJN PS<br><br>ORDER<br><br>(ECF No. 16.) |

      In April 2021, plaintiff filed this ADA case and served defendants Natalia Clarke and Dance Unlimited, LLC.[1]  (ECF Nos. 1, 4, 5.)  Defendants failed to file an answer with the court, and so in late June plaintiff sought and was awarded an entry of default.  (ECF Nos. 6, 7.)  However, two days later defendant Clarke filed a document which, liberally construed, indicated she and her business intended to defend the suit.  (ECF No. 8.)  Later, Clarke moved to set aside the default.  (ECF No. 11.)  The court held a hearing on July 29, where plaintiff consented to setting aside the default.  (ECF No. 11.)  Further at this hearing, the parties indicated their desire for the court to refer the case to its Voluntary Dispute Resolution Program ("VDRP").  In light of this fact, the court stayed the case and ordered the parties to contact the court's VDRP administrator.  (ECF No. 14.)

---

[1] This case proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

On October 29, 2021, plaintiff filed a status report with the court, wherein plaintiff indicates the scheduled VDRP did not take place. (ECF No. 16). Further, plaintiff states "Defendants Dance Unlimited, LLC and Natalia Clarke have declined to participate in VDRP and, after being granted additional time for consideration and to retain an attorney, have advised that they do not wish to proceed with VDRP." (Id.) Plaintiffs request a lifting of the stay. Given this procedural posture and the parties positions, the case is removed from VDRP and the stay is lifted. Given that the undersigned has construed defendant Clarke's June filing as an answer denying liability, the case shall proceed to the discovery phase—with one slight deviation.

Defendant Clarke is cautioned that while she is permitted to proceed without counsel herself, her company Dance Unlimited cannot do so. In U.S. v. High Country Broadcasting Co., Inc., an individual purporting to be an attorney attempted to enter on behalf of a corporation and file an answer. 3 F.3d 1244, 1245 (9th Cir. 1993). The individual was not a licensed attorney, however, and so the district court ordered the corporation to obtain counsel. Id. (citing Rowland v. California Men's Colony, 506 U.S. 194 (1993) ("A corporation may appear in federal court only through licensed counsel."). When the company failed to obtain counsel, the district court entered a default judgment against it. Id. The Ninth Circuit found the default "perfectly appropriate." Id. (citing Shearson Loeb Rhoades, Inc. v. Quinard, 751 F.2d 1102 (9th Cir. 1985). Thus, defendant Dance Unlimited is ordered to update the court as to the status of counsel and is warned that a failure to obtain licensed counsel will require re-entry of default against it.

**ORDER**

It is HEREBY ORDERED that:

1. The case is no longer referred to VDRP, and the stay (ECF No. 14.) is LIFTED;
2. Within 21 days of this order, the parties shall confer as required by Fed. R. Civ. P. 26(f), and plaintiff shall prepare and submit to the court a joint status report that includes the Rule 26(f) discovery plan, as outlined in paragraph 4 of the district judge's "Order Requiring Service of Process and Joint Status Report" (ECF No. 3);
3. Alongside this joint status report, defendant Clarke shall inform the court as to the status of her search for counsel. Defendant Clarke is cautioned that while she may choose to


proceed without counsel herself, defendant Dance Unlimited cannot proceed pro se and must obtain counsel. Should Dance Unlimited (and Clarke) obtain counsel within this period, counsel may simply enter an appearance on behalf of their client(s); and

4. The Clerk of the Court is directed to serve on the parties a copy of the district judge's April 26, 2021 order (ECF Nos. 3, 3-1, and 3-2.) along with this order.

Dated: November 2, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

vick.732