1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  300 South First Street, Ste. 342
   San Jose, California 95113
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail: service@moorelawfirm.com

5  Attorneys for Plaintiff
   Cleveland Vickers
6

7

8  **UNITED STATES DISTRICT COURT**

9  **EASTERN DISTRICT OF CALIFORNIA**

10

11 | CLEVELAND VICKERS,                               | ) No. 2:21-cv-00732-JAM-KJN
12 |         Plaintiff,                              | ) **FIRST AMENDED COMPLAINT**
13 |    vs.                                          | ) **ASSERTING DENIAL OF RIGHT OF ACCESS UNDER THE AMERICANS**
14 | DANCE UNLIMITED, LLC dba DANCE                  | ) **WITH DISABILITIES ACT FOR INJUNCTIVE RELIEF, DAMAGES,**
15 | UNLIMITED; NATALIA CLARKE, Trustee              | ) **ATTORNEYS' FEES AND COSTS (ADA)**
   | of the NATALIA CLARKE FAMILY
16 | TRUST, U/A dated January 27, 2009;
17 |         Defendants.
18
19
20
21

22                          **I. SUMMARY**

23     1.   This is a civil rights action by plaintiff CLEVELAND VICKERS ("Plaintiff")

24 for discrimination at the building, structure, facility, complex, property, land, development,

25 and/or surrounding business complex known as:

26         Dance Unlimited
           510 Georgia Street
27         Vallejo, California 94590
           (hereafter "the Facility")
28

---

*Vickers v. Dance Unlimited, LLC, et al.*
First Amended Complaint

Page 1

2. Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against DANCE UNLIMITED, LLC dba DANCE UNLIMITED and NATALIA CLARKE, Trustee of the NATALIA CLARKE FAMILY TRUST, U/A dated January 27, 2009 (hereinafter collectively referred to as "Defendants"), pursuant to Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes.

## II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5. Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

7. Defendants own, operate, and/or lease the Facility, and consist of a person (or persons), firm, and/or corporation.

8. Plaintiff is substantially limited in his ability to walk, and must use a wheelchair for mobility. Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9. The Facility is open to the public, intended for non-residential use, and its operation affects commerce. The Facility is therefore a public accommodation as defined by applicable state and federal laws.

//

10. Plaintiff lives approximately five miles from the Facility and visited the Facility on or about February 25, 2021 for a funeral reception. During his visit to the Facility, Plaintiff encountered the following barriers (both physical and intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility:

    a) Plaintiff could not find any designated accessible parking space in the Facility's parking lot, nor any parking stall with an adjacent access aisle which he requires to unload from his vehicle. He had to park across the street and travel a long distance to and from the Facility.

    b) Plaintiff was not able to find an accessible entrance to the lower level of the Facility, where the reception was being held. There was an elevator, but it only served the upper level and not the lower level. Upon inquiring of Facility staff whether there was an alternate entrance that was wheelchair-accessible, Plaintiff was told that there was not and that he would have to remain outside unless he could find someone to carry him down the stairs. Plaintiff ultimately was forced to have family members carry him in his wheelchair down the stairs, and up the stairs when leaving.

11. It is Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford him full and equal access. Specifically, Plaintiff is aware of the following barriers which exist at the Facility and relate to his disabilities:

    a) The street-facing main entrance is not accessible because the doors require excessive force to open and close too quickly, and the route from that door to the main floor level contains stairs; further, there is no informational or directional signage at the main entrance indicating the location of an accessible entrance.

    b) The route of travel to the designated accessible rear entrance is not accessible and lacks directional or informational signage, making the

1 accessible entrance difficult to locate. The route contains excessive
2 slopes in the direction of travel, cross slopes, height changes, and
3 openings in the walking surface, including but not limited to a large
4 height change at the sliding gate track. The ramp serving the rear
5 entrance has improperly configured and/or excessively sloped landings
6 and lacks properly configured and positioned handrail extensions and
7 guide rails.

8     c) The rear entrance is not properly configured or identified as accessible.
9 The rear entrance threshold is improperly configured, creating excessive
10 height changes, the required exterior maneuvering clearances at the
11 doorway contain excessive slopes, and the floor mat creates excessive
12 changes in level within the required maneuvering clearances on both
13 sides of the door. Additionally, the route of travel between the rear
14 entrance door and the primary level hall area contains excessive vertical
15 height changes and openings in the walking surface, and the doors
16 between the primary level hall area and the rear entrance hallway lack
17 sufficient clear width, require excessive force to operate, and close too
18 quickly.

19     d) No properly configured and identified accessible parking or
20 loading/unloading area is provided. The passenger loading/unloading
21 area at the rear of the Facility contains excessive slopes. The parking
22 area used by Facility patrons, in the adjacent lot, does not provide a
23 properly configured or identified accessible parking stall.

24     e) Items intended for customer use are positioned out of the reach of
25 wheelchair users. The customer-use items in the lobby (e.g. business
26 cards, hand sanitizer, pens, etc. on the lobby area table) are positioned
27 beyond accessible reach ranges. The fire extinguisher in the lobby is
28 positioned with its operable parts beyond accessible reach ranges, and is

not located adjacent to a proper clear level wheelchair space. The primary level event hall thermostat controls are positioned too high.

 f) The routes of travel within the primary level of the Facility are inaccessible. The threshold at the sliding pocket doors between the primary level lobby and the event hall has an excessive vertical height change and excessive slope. The event hall floor contains excessive slopes.

 g) There is no accessible lowered portion of the bar counter. If the bar counter is used for service of food or beverages, items on the counter surface would be positioned beyond accessible reach ranges.

 h) The Facility does not offer accessible tables. The tables provided in the event halls lack sufficient knee and toe clearances.

 i) The primary level event hall area men's restroom is not accessible. The door closes too quickly, the required maneuvering clearances at the interior side of the door contain excessive slopes and are obstructed by the trash can, the required clear floor space at the lavatory contains excessive slopes, neither lavatory is properly positioned with respect to the side wall, the lavatory water supply pipes are not properly insulated or otherwise covered to protect against contact, the required maneuvering clearances at the wheelchair-accessible toilet compartment door are obstructed by the accessible urinal, the wheelchair-accessible toilet compartment door is not self-closing, and the wheelchair-accessible toilet compartment lacks sufficient clear width.

 j) There are no accessible routes to the basement or second-floor levels, which offer amenities not available on the primary level (e.g. larger capacities, elevated platforms, etc.).

12. Plaintiff was, and continues to be, deterred from visiting the Facility because Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and

1  accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities. Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed.

13. Defendants knew, or should have known, that these elements and areas of the Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Facility (without much difficulty or expense), and make the Facility accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Facility to remove impediments to wheelchair access and to comply with the 1991 ADA Accessibility Guidelines and/or the 2010 ADA Standards for Accessible Design. Defendants have not removed such impediments and have not modified the Facility to conform to accessibility standards. Defendants have intentionally maintained the Facility in its current condition and have intentionally refrained from altering the Facility so that it complies with the accessibility standards.

15. Plaintiff further alleges that the (continued) presence of barriers at the Facility is so obvious as to establish Defendants' discriminatory intent. On information and belief, Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Facility; conscientious decision to maintain the architectural layout (as it currently exists) at the Facility; decision not to remove barriers from the Facility; and allowance that Defendants' property continues to exist in its non-compliant state. Plaintiff further alleges, on information and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the Facility are not isolated or temporary interruptions in access due to maintenance or repairs.

//
//
//

## VI.   FIRST CLAIM

### Americans with Disabilities Act of 1990

<u>Denial of "Full and Equal" Enjoyment and Use</u>

16. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

17. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18. Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

19. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

20. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id</u>. § 12182(b)(2)(A)(v).

21. Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, that the cost of removing the architectural barriers does not exceed the benefits under the particular circumstances, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22. In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

23. Plaintiff alleges on information and belief that the Facility was designed and constructed (or both) after January 26, 1993 – independently triggering access requirements under Title III of the ADA.

24. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25. Here, Defendants violated the ADA by designing and constructing (or both) the Facility in a manner that was not readily accessible to the physically disabled public – including Plaintiff – when it was structurally practical to do so.[1]

<u>Failure to Make an Altered Facility Accessible</u>

26. Plaintiff alleges on information and belief that the Facility was modified after January 26, 1993, independently triggering access requirements under the ADA.

27. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. <u>Id</u>.

28. Here, Defendants altered the Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

29. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

---

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

30. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

Failure to Maintain Accessible Features

31. Defendants additionally violated the ADA by failing to maintain in operable working condition those features of the Facility that are required to be readily accessible to and usable by persons with disabilities.

32. Such failure by Defendants to maintain the Facility in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

33. Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

## VII.   SECOND CLAIM

### Unruh Act

34. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

35. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

36. California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

37. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

38. Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

39. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

40. Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of $4,000 for each offense.

41. Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

42. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

43. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

44. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

45. Plaintiff alleges the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

46. Defendants' non-compliance with these requirements at the Facility aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.
2. Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

3. Attorneys' fees, litigation expenses, and costs of suit.[2]

4. Interest at the legal rate from the date of the filing of this action.

5. For such other and further relief as the Court deems proper.

Dated: April 12, 2022                    MOORE LAW FIRM, P.C.

*/s/ Tanya E. Moore*
Tanya E. Moore
Attorney for Plaintiff
Cleveland Vickers

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

# VERIFICATION

I, CLEVELAND VICKERS, am the plaintiff in the above-entitled action. I have read the foregoing First Amended Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 04/12/2022                     */s/ Cleveland Vickers*
                                      Cleveland Vickers

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                      */s/ Tanya E. Moore*
                                      Tanya E. Moore
                                      Attorney for Plaintiff,
                                      CLEVELAND VICKERS